UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| HORACE E. HOLLIS, | ) | |
|---|---|---|
| Petitioner, | ) ) ) | No. 3:10-cv-00223 Judge Campbell |
| v. | ) ) | |
| DICKSON COUNTY, TENNESEE, and STATE OF TENNESSEE, | ) ) ) | |
| Respondents. | ) | |

# **M E M O R A N D U M**

The petitioner Horace E. Hollis ("Hollis" or "the petitioner"), proceeding *pro se*, is a pre-trial detainee being held at the Dickson County Jail in Charlotte, Tennessee, on state criminal charges. On March 4, 2010, he filed a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241,[1] arguing that his right to speedy trial was being violated because of the delay in prosecution. (Docket No. 1). The petitioner alleges that the prosecution has waited over seven (7) years to try him on pending state criminal charges. (*Id.*) The respondents have filed a Motion to Dismiss for Failure to Exhaust State Remedies (Docket No. 21), to which the petitioner has responded in opposition (Docket No. 22).

On September 24, 2010, the court directed the petitioner to submit to the court a copy of certain documents he alleges he filed that were never responded to by the Dickson County Circuit Court. (Docket No. 25). The court held the respondents' motion to dismiss in abeyance pending the receipt of the requested documents. The petitioner timely responded to the court's request.

---

[1]Because Hollis is a pre-trial detainee who is currently awaiting trial in the Tennessee state courts, Hollis properly seeks relief under 28 U.S.C. § 2241, rather than § 2254. *See Klein v. Leis*, 548 F.3d 425, 430 n.4 (6th Cir. 2008)(explaining that, because § 2254 applies only to individuals held pursuant to a state court judgment and no judgment has been entered, § 2241is the proper statute under which to seek relief).

(Docket No. 28 & Attachs.).

I. **Background**

Hollis states that he was arrested in Texas on April 3, 2002, "as a fugitive from Dickson County, Tennessee," and that he waived extradition. (Docket No. 1 at p. 2). However, Hollis was subsequently tried and convicted of federal criminal charges in Texas. Because of the federal conviction, Tennessee authorities refused to take custody until he served his federal sentence.

Hollis alleges that he filed a motion to dismiss the state criminal charges pending against him in the Circuit Court for Dickson County on January 7, 2008, contending that the state had waited too long to prosecute him. (*See* Docket No. 28, Attach. 3). He alleges that there has been no disposition of this motion. (*Id*.)

Hollis states that he completed his federal sentence on November 6, 2008. (Case No. 3:09-cv-00354, Docket No. 1 at p. 2). Following the completion of his federal sentence, Hollis refused to waive extradition to Tennessee, and a new extradition hearing was held in Texas state court. Tennessee authorities obtained the necessary documents and the petitioner was extradited to Dickson County, Tennessee to face state criminal charges. (*Id.*)

On December 30, 2008, Hollis filed his first *pro se* petition for writ of *habeas corpus* under § 2241 with this court, claiming that his Sixth Amendment right to a speedy trial had been violated as a result of the delay in prosecution. (Case No. 3:09-cv-00354, Docket No. 1). The court dismissed the petition without prejudice for failure to exhaust state remedies. (Case No. 3:09-cv-00354, Docket No. 7)(Echols, J.).

The petitioner filed a notice of appeal with the Sixth Circuit Court of Appeals (Case No. 3:09-cv-00354, Docket No. 10). The Sixth Circuit directed this court to determine whether a

2

certificate of appealability ("COA") would issue (Case No. 3:09-cv-00354, Docket No. 11). On June 26, this court denied the COA (Docket No. 15), and the petitioner appealed to the Sixth Circuit. On January 4, 2010, the Sixth Circuit found that the record did not establish that the petitioner exhausted his state remedies and denied the COA. (Docket No. 17).

In an attempt to exhaust his state remedies, the petitioner filed a petition for writ of *habeas corpus* with the Circuit Court for Dickson County on February 2, 2010, contending that his right to a speedy trial had been violated by the delay in prosecuting the state charges against him. (Docket No. 28, Attach. 4). He alleges that no action has been taken on his petition.

On March 4, 2010, Hollis filed a second petition for writ of *habeas corpus* under § 2241 with this court alleging that his Sixth Amendment right to a speedy trial is being violated as a result of a "seven year delay" by the state in bringing his case to trial. Hollis also alleges that he cannot accomplish an exhaustion of state remedies because the state court refuses to rule on his motions. (Docket No. 1).

## II.    **Exhaustion of Administrative Remedies**

It is axiomatic that one may not seek federal habeas corpus relief until he has exhausted all available state remedies <u>or</u> demonstrated their inadequacies. 28 U.S.C. § 2254(B); *Hannah v. Conley*, 49 F.3d 1193, 1196 (6th Cir. 1995). Any alleged constitutional deprivation must be asserted through the state appellate process. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). "Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, [the Supreme Court] conclude[s] that state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Id.* The burden is on the petitioner to demonstrate compliance with the exhaustion

3

requirement or that the state procedure would be futile. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

Section 2254(b)(1) states in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that-
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
> (B)(i) there is an absence of available State corrective process; or
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b); *Rose v. Lundy*, 455 U.S. 509 (1982). The exhaustion requirement is applicable to claims brought pursuant to § 2241. *See Fazzini v. Northeast Ohio Corr. Center*, 473 F.3d 229, 235-36 (6th Cir. 2006).

### III.  Respondents' Motion to Dismiss for Failure to Exhaust State Remedies

The respondents seek dismissal of the petitioner's § 2241 petition on grounds that he has failed to exhaust available state remedies prior to filing his § 2241 petition. In response, the petitioner posits that his § 2241 petition should be considered exhausted due to "the absence of available State corrective process" and/or because "circumstances exist that render such process ineffective to protect the rights of the applicant," 28 U.S.C. § 2254(b)(1), due to the Dickson County Circuit Court's failure to rule on the petitioner's 2008 motion to dismiss and his 2010 motion for writ of *habeas corpus*.

As to the petitioner's 2008 motion, the document submitted by the petitioner in response to the court's order (Docket No. 25) bears no file stamp. (*See* Docket No. 28, Attach. 3). The court obtained a copy of the docket sheet in Hollis' state criminal case from the Dickson County Circuit Court Clerk (Case No. 22CC-2001-CR-274). The court hereby takes judicial notice of the

4

proceedings in the Dickson County Circuit Court as set forth in the docket sheet provided by the Dickson County Circuit Clerk. *See Lyons v. Stovall*, 188 F.3d 327, 333 n.3 (6th Cir. 1999)(holding that federal courts may take judicial notice of proceedings in other courts of record); *Lee v. Dell Products*, 236 F.R.D. 358, 361 (M.D. Tenn. 2006)(citing *Lyons* and holding that federal courts may take judicial notice of procedural aspects of pleadings that are relevant to the current matter). The docket sheet confirms that the Dickson County Circuit Court received Hollis' motion to dismiss as he alleges on January 7, 2008, and that no action has been taken on the motion since that time. The respondents provide no evidence to the contrary.

As to the petitioner's 2010 motion for a writ of *habeas corpus*, the copy of this petition submitted by the petitioner bears a file stamp by the Circuit Court Clerk dated February 2, 2010, at 11:25 a.m. The Dickson County Circuit Court docket sheet confirms the court's receipt of Hollis' petition as he alleges in his federal *habeas* petition. That docket sheet further confirms that no action has been taken on Hollis' petition and notes that a copy of the motion was forwarded to the "D.A.'s office."[2] Again, the respondents have provided no evidence to the contrary.

The record, as developed by the petitioner and corroborated by the court's review of the Dickson County Circuit Court docket sheet in the petitioner's state criminal case, indicates that the state court has not given prompt consideration to the petitioner's motions, one of which has been languishing on the state docket *for almost three (3) years* while the petitioner has been held as a pre-trial detainee. Ironically, the motions argued that the petitioner was being denied a speedy trial. The court therefore finds that there has been an "absence of available State corrective process" and

---

[2] On August 24, 2010, the petitioner was tried in Dickson County Circuit Court, Judge Birch presiding, on four (4) of eighty (80) counts. A jury found the petitioner not guilty on the four (4) counts tried (two counts of aggravated sexual battery and two counts of rape of child). A trial is set for the petitioner's remaining counts for February 4, 2010.

5

that the petitioner has met his burden of proving that "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1). Accordingly, the court concludes that the exhaustion requirement is excused for the purpose of this court's *habeas* jurisdiction. *See Turner v. Bagley,* 401 F.3d 718, 725-26 (6th Cir. 2005)(holding that a *habeas corpus* petitioner's failure to exhaust state remedies should be excused "as to all claims raised" because the state court of appeals "allowed Turner's appeal to remain on the docket for nearly eleven years without meaningful attention."); *Pollard v. Jones,* 30 F.3d 134, 1994 WL 385194, at *5 n.3 (6th Cir. 1994)(affirming district court's grant of a writ of *habeas corpus* and finding that Pollard's failure to exhaust state remedies was excused where "no visible state action has been taken when Pollard filed [his petition] in federal court, that nearly a year elapsed before the court appointed counsel for Pollard, and that nearly five additional months elapsed before the appointed counsel contacted Pollard"); *Workman v. Tate,* 957 F.2d 1339, 1344 (6th Cir. 1992)(holding that a *habeas corpus* petitioner's failure to exhaust state remedies should be excused where his "petition for post-conviction relief has languished in state court for more than three years").

## IV. Conclusion

The respondents' motion to dismiss for failure to exhaust state remedies will be denied. (Docket No. 21). An appropriate order will be entered.

*Todd Campbell*
Todd J. Campbell
United States District Judge