IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| HORACE E. HOLLIS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 3:10-0223 |
| ) | Judge Sharp/Bryant |
| DICKSON COUNTY, TENNESSEE, and STATE ) | |
| OF TENNESSEE, ) | |
| ) | |
| Respondents. ) | |

To:   The Honorable Kevin Sharp, District Judge

## REPORT AND RECOMMENDATION

### I.  Introduction

The petitioner, Horace E. Hollis, is currently being held in the custody of the Tennessee Department of Correction, pursuant to a state court judgment of conviction. However, the instant petition for writ of habeas corpus was filed when petitioner was a pretrial detainee in the custody of the Dickson County Jail in Charlotte, Tennessee, and was thus appropriately filed under 28 U.S.C. § 2241, rather than § 2254.  See Docket Entry No. 31, n.1.

The instant petition was filed on March 4, 2010.  (Docket Entry No. 1)  During its pendency, petitioner was tried, convicted, and sentenced before the Dickson County Court.  Petitioner's trial resulting in conviction was held on February 4, 2011, and he was sentenced on April 6, 2011.  At all times prior to his state court trial and conviction, petitioner has asserted in this Court his entitlement to dismissal of the charges against him

on account of the violation of his Sixth Amendment right to a speedy trial. In the wake of his state court trial, conviction, and sentencing, this Court appointed the Federal Public Defender to represent petitioner in the complex matter of his pursuit of a remedy in habeas corpus. Appointed counsel has responded to the pending motions to dismiss the petition, which motions were filed prior to petitioner's February 5, 2011 state court conviction by respondents State of Tennessee and Dickson County, Tennessee on January 4 and February 2, 2011, respectively. (Docket Entry Nos. 36 and 41) The disposition of these motions to dismiss the petition is the subject of this Report and Recommendation. See Docket Entry No. 51.

For the reasons that follow, the undersigned recommends that the motions to dismiss be GRANTED and that the instant § 2241 petition be DISMISSED without prejudice to petitioner's right to pursue his Sixth Amendment speedy trial claim, and any other claims to habeas relief, through a § 2254 petition timely filed after exhausting his available state court remedies.

## II. Background

The underlying facts and procedural history which brought this habeas petition to its current, unique posture are as follows:

On August 28, 2001, petitioner was indicted in Tennessee on forty counts of rape of a child and forty counts of aggravated sexual battery. Petitioner was not arrested until April 2002, when he was found in Texas by local law enforcement and U.S. Marshals. He was found in possession of a handgun, and was therefore indicted as a fugitive in possession of a firearm by a federal grand jury. At that time, petitioner agreed to waive

extradition to Tennessee, and to remain in the custody of his jailers in Texas until his transfer to Tennessee could be arranged. However, the Dickson County authorities declined to pursue the prosecution at that point, choosing instead to wait until petitioner's federal prosecution played out.

Petitioner was tried and convicted in federal court on the firearms charge in September 2002. He completed his prison sentence on November 6, 2008.

On January 7, 2008, while still in federal custody, petitioner filed a pro se motion in Dickson County Court to dismiss the Tennessee indictment against him based upon his Sixth Amendment right to a speedy trial, which he argued had been violated by the six-year delay in prosecuting the charges of indictment. To date, there has been no disposition of this motion.

At the conclusion of petitioner's federal sentence, Dickson County instituted extradition proceedings against him in Texas state court. Petitioner refused to waive extradition to Tennessee, and was ultimately extradited in late November 2008.

On December 30, 2008, petitioner filed a pro se petition for writ of habeas corpus in this Court, pursuant to 28 U.S.C. § 2241, asserting the violation of his Sixth Amendment right to a speedy trial of the 2001 charges against him. The Court dismissed that petition without prejudice for petitioner's failure to exhaust state court remedies. See Case No. 3:09-0354. Plaintiff unsuccessfully appealed that decision to the Sixth Circuit Court of Appeals, which denied his request for a certificate of appealability on January 1, 2010.

Petitioner thereafter filed a petition for writ of habeas corpus with the Dickson County Court on February 2, 2010. No action was taken on this petition.

On March 4, 2010, petitioner filed the instant petition for writ of habeas

corpus under 28 U.S.C. § 2241. (Docket Entry No. 1) On August 5, 2010, the State of Tennessee filed a motion to dismiss the petition for failure to exhaust state court remedies. (Docket Entry No. 21) The Court denied the State's motion, finding the exhaustion requirement excused due to the Dickson County Court's failure to take action on petitioner's filings, resulting in an "absence of available State corrective process." (Docket Entry No. 31 at 5-6) By order entered December 2, 2010 (Docket Entry No. 32), respondents were directed to plead or otherwise respond to the merits of the petition. On January 4 and February 2, 2011, respectively, the State of Tennessee and Dickson County filed their pending motions to dismiss the petition. (Docket Entry Nos. 36 & 41)

After having been tried and acquitted on the first four counts of the 80-count indictment in August 2010, petitioner was tried in Dickson County Court on the next four counts on Friday, February 4, 2011. The jury was selected and seated at 7:20 p.m. that Friday night. The State put on ten witnesses and ultimately rested its case at 10:51 p.m., Friday night, February 4. The defense put on two witnesses and rested its case at 11:48 p.m. Less than an hour later, at 12:25 a.m., Saturday morning, February 5, 2011, the jury returned a verdict of guilty on all four counts.

On March 31, 2011, this Court appointed the Federal Public Defender's Office to represent petitioner in this matter in the interests of justice, given the complex procedural posture of this habeas petition. (Docket Entry No. 46)

On April 6, 2011, petitioner was sentenced in Dickson County Court to two 20-year terms of imprisonment, to run consecutively. The remaining counts of the indictment were dismissed.

On May 2, 2011, petitioner filed his response to the respondents' motions to

dismiss, through appointed counsel.  (Docket Entry No. 52)

### III.  Conclusions of Law

Respondents' motions to dismiss the instant § 2241 petition -- filed prior to petitioner's state court conviction and sentence -- rest on grounds of failure to name the appropriate respondent (i.e., the state official holding the petitioner in custody) and of unavailability of the remedy sought by petitioner (i.e., release from custody).  Petitioner's response to the motions, through appointed counsel, recognizes that "the typical remedy for a pre-trial detainee asserting his speedy trial rights in a federal habeas action is an order that the State set a trial date[,]" and that his February 2011 trial and conviction "complicate[s] the nature of the remedy available."  (Docket Entry No. 52 at 10)

Nonetheless, petitioner argues that this case presents the "extraordinary circumstances" where federal intrusion into state court criminal proceedings already underway is warranted, given that the prejudice to petitioner from the State's denial of his speedy trial right is not a matter of presumption, but has been demonstrated by petitioner's inability to successfully defend against the stale charges.  Id. at 10-11 (citing Atkins v. People of State of Mich., 644 F.2d 543, 546-47 (6th Cir. 1981)).  Alternatively, petitioner argues that the Court should declare a violation of petitioner's Sixth Amendment right to a speedy trial, and then stay these proceedings pending petitioner's state conviction becoming final, based on federalism concerns.  At the least, petitioner argues that this matter should be stayed pending his exhaustion of all available state court remedies, as "the myriad potential constitutional violations that Hollis's unorthodox prosecution implicates render it all but inevitable that Hollis will return to this Court for habeas relief if he is unable to challenge

5

these violations under state-court process." Id. at 11.

However, the undersigned finds petitioner's arguments to be without merit. The limited record here does not reveal that petitioner has ever asserted his Sixth Amendment right in the form of a demand that he be tried in a timely fashion, as in, e.g., Smith v. Hooey, 393 U.S. 374 (1969), except perhaps by implication when he initially waived extradition from Texas. Rather, his state court efforts in 2008 and 2010, as well as his federal habeas petitions, appear to have been solely focused upon obtaining release from custody and dismissal of the charges against him. After exhaustion of available remedies under state process, the right to a prompt trial may properly be invoked and vindicated in federal court by a § 2241 habeas petition, Braden v. 30th Judicial Circuit Court of Ky., 410 U.S. 484, 488-89 & n.4 (1973); however, reliance upon the deprivation of that right as an affirmative defense to the criminal charges is not properly asserted by a pretrial detainee under § 2241, id. at 489-93. See also Atkins v. People of State of Mich., 644 F.2d 543, 547-48 (6th Cir. 1981). The Braden Court, which clarified that a demand for enforcement of the state's affirmative constitutional obligation to bring criminal defendants promptly to trial could properly be advanced in a federal habeas corpus action, "emphasize[d] that nothing we have said would permit the derailment of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court." 410 U.S. at 493. Having now been brought to trial, and continuing to appeal the legality of his conviction in the courts of the state, petitioner's attempt to litigate the speedy trial issue here would appear to be premature and impermissible.

A similar scenario to the one at bar was presented to the district court in Jones v. Clark, 2007 WL 2746651 (M.D. Ala. Sept. 19, 2007). The petitioner in Jones filed his

6

habeas corpus petition while incarcerated in county jail as a pretrial detainee, seeking, inter alia, dismissal of the charges against him due to an alleged speedy trial violation. Nearly a year after filing his § 2241 petition, Jones was convicted of the state charges against him and sentenced pursuant to the judgment of conviction. The court addressed the impact of this intervening conviction upon the petition, as follows:

> Now that he has been convicted and is in custody pursuant to the state court's judgment of conviction, Jones could conceivably seek a post-conviction remedy of dismissal based on a speedy trial challenge asserted in a habeas petition filed pursuant to 28 U.S.C. § 2254. ... [However, a] § 2254 petition for habeas corpus relief is not ripe for review by a federal court where the challenged state convictions and sentences are not final at the time of filing. The pleadings and supporting documents and the records of this court establish that Jones has not yet exhausted his available state court remedies. Jones may raise the speedy trial claim here presented in the direct appeal pending before the Alabama Court of Criminal Appeals, and upon conclusion of the direct appeal process, he may file a [state] post-conviction petition.... This court does not deem it appropriate to rule on the merits of the asserted claim without requiring that Jones first exhaust state remedies. Moreover, a stay of this case is not warranted pending the outcome of the state court proceedings, as this court has been presented with no "good cause for the petitioner's failure to exhaust his claims first in the state court."

Jones, 2007 WL 2746651, at *2-3 (citations omitted). The court ordered that Jones's petition be dismissed without prejudice.

Likewise, the circumstances in the case at bar do not mitigate the comity and federalism concerns that, almost without exception, prevent federal intrusion into ongoing state criminal proceedings. Even if this Court were otherwise inclined to enter a finding that petitioner's Sixth Amendment rights have been violated, the matter is simply no longer properly before the Court for decision. While this Court has excused the exhaustion requirement with respect to the speedy trial claim for purposes of petitioner's § 2241 petition

7

(Docket Entry Nos. 31 & 32), petitioner's subsequent conviction changed the posture of this proceeding, such that the only possible habeas relief at this point in time would appear to involve the conversion of petitioner's § 2241 petition into a § 2254 petition and, ultimately, the overturning of his conviction.  The case of <u>Miller v. Glanz</u>, 331 Fed. Appx. 608 (10th Cir. June 22, 2009), was decided in the same posture, albeit not in the context of an alleged speedy trial violation.  In <u>Miller</u>, the petitioner filed his § 2241 petition while awaiting trial on state murder charges, alleging that his state custody and attendant prosecution violated the Interstate Agreement on Detainers Act (IADA).  Miller sought release from state custody and dismissal of the charges.  The district court held that the IADA claim had been exhausted through, e.g., a pretrial motion to dismiss which was denied by the state court, and therefore addressed that claim on the merits, finding no IADA violation and denying the petition for habeas corpus.  Shortly thereafter, Miller was convicted and sentenced on the underlying charges, and his direct appeal was pending at the time that the case came before the Tenth Circuit on motion for a certificate of appealability of the district court's decision.  In an effort to avoid "the mootness problem" presented when a pretrial petitioner is subsequently convicted, the Tenth Circuit considered recasting Miller's § 2241 petition as a § 2254 petition, but found that "even if the IADA claim has been exhausted in preliminary pretrial proceedings, a collateral federal attack on the conviction via habeas would still appear to be premature while direct appeal is pending in state court."  <u>Id.</u> at 610 (citing <u>Sherwood v. Tomkins</u>, 716 F.2d 632, 634 (9th Cir. 1983) and <u>Williams v. Bailey</u>, 463 F.2d 247, 248 (5th Cir. 1972)).   The petition in the case at bar suffers the same infirmity.

       Finally, there is nothing to suggest that petitioner will be unable to raise his speedy trial claim, along with any other claims of federal constitutional violations, in the

courts of the state during the ongoing direct appeal and, if necessary, post-conviction relief process. The undersigned concludes that, at this time, petitioner must be left to that process.

## IV. Recommendation

In light of the foregoing, the Magistrate Judge recommends that the motions to dismiss (Docket Entry Nos. 36 & 41) be GRANTED and that the instant § 2241 petition be DISMISSED without prejudice to petitioner's right to pursue his Sixth Amendment speedy trial claim, and any other claims to habeas relief, through a § 2254 petition timely filed after exhausting his available state court remedies.

Any party has fourteen (14) days from receipt of this Report and Recommendation in which to file any written objections to it with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in which to file any responses to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. Thomas v. Arn, 474 U.S. 140 (1985); Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004)(en banc).

ENTERED this 30th day of November, 2011.

s/ John S. Bryant
JOHN S. BRYANT
UNITED STATES MAGISTRATE JUDGE